O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMIE LEE FINLEY,           )<br>                              )<br>            Plaintiff,            )<br>                              )<br>    vs.                       )<br>                              )<br>CAROLYN W. COLVIN, Acting     )<br>Commissioner of Social Security, )<br>                              )<br>            Defendant.         )<br>_____) | CASE NO. CV 13-01436 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

    Plaintiff Tommie Lee Finley suffers from osteoarthritis in his left hip and both of his knees and degenerative joint disease [AR 20], but the Administrative Law Judge found that he was not disabled. [AR 27] Plaintiff challenges that determination on three grounds. None is persuasive.

    First, Plaintiff asserts that he met Listing No. 1.02. All conditions of a listing must be satisfied in order for the listing to apply. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). The Administrative Law Judge determined, however, that Plaintiff did not satisfy all the characteristics of that listing. For instance, there was no evidence of gross anatomical deformity. Although in this Court Plaintiff argues that he met *other* aspects of the Listing, he does not point to any evidence that he had a gross anatomical deformity.

    Plaintiff also argues that he *equaled* the Listing, but gives no way in which this is so. A party must demonstrate a viable theory as to how a combination of

impairments equals a listing, before the failure to consider the issue will be error. *Lewis v. Apfel*, 236 F.3d 503 (9th Cir. 2001). Plaintiff has not done so here.

Second, Plaintiff argues that the Administrative Law Judge erred in assessing Plaintiff's residual functional capacity. Plaintiff asserts that the Administrative Law Judge erred in disregarding the limitation, suggested by one of the treating personnel while Plaintiff was in prison, that Plaintiff lift no more than 10 pounds. The Administrative Law Judge stated that there was no objective evidence to support this limitation. [AR 23] In this Court, Plaintiff points to no such evidence either. The Court therefore finds this argument lacking.

Plaintiff's third argument is that the Administrative Law Judge erred in discrediting Plaintiff's assertions that his pain was completely disabling. This argument too is unavailing. The Administrative Law Judge gave numerous valid reasons for not concluding that Plaintiff's pain was so consuming that he could not work. He pointed to Plaintiff's statement that he did not experience significant and chronic pain until two years after his serious accident, which the Administrative Law Judge found implausible. [AR 23]. He also gave examples in the record of Plaintiff's having rated his pain at a moderate level and, moreover, having exercised after having done so. [*Id.*] He also referenced Plaintiff's relatively low use of pain medication despite his testimony of severe pain. [AR 24]

An administrative law judge can disbelieve a claimant's testimony as to the level of his pain, and is entitled to use ordinary techniques of credibility evaluation when confronting claims of pain. *Fair v. Bowen*, 885 F.2d 597, 604 n.5 (1989). Among those are inconsistency with objective evidence, *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001), and medical treatment that appears conservative or restrained when compared to the assertion that the pain is consuming. *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995). The Administrative Law Judge did not commit error in disbelieving Plaintiff's statements as to the extent and impact of his pain.

///

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: September 23, 2013

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE